# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIC WATKINS,
    Appellant,

   v.

TENNESSEE VALLEY AUTHORITY,
    Agency.

DOCKET NUMBER
AT-0752-18-0398-P-1

DATE: April 26, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eric Watkins, Sequatchie, Tennessee, pro se.

John E. Slater, Knoxville, Tennessee, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which granted, in part, the appellant's motion for compensatory damage and ordered the agency to pay the appellant $20,000 in nonpecuniary damages. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition and the cross petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2       On September 6, 2018, an administrative judge issued an initial decision finding that the appellant's retirement from the agency was involuntary and constituted a constructive removal. *Watkins v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-18-0398-I-1, Initial Appeal File (IAF), Tab 29, Initial Decision (ID) at 1. He reversed the constructive removal. ID at 1, 14. The administrative judge also found that the appellant established a prima facie case of disability discrimination based on the agency's failure to accommodate his disability by reassigning him to a vacant position for which he was qualified and that the agency failed to present clear and convincing evidence that it would have taken the same action absent the discriminatory motive. ID at 12-13. The agency did not file a petition for review of that decision, and it became final on October 11, 2018. ID at 16.

¶3       On December 4, 2018, the appellant filed a request for compensatory damages based on the administrative judge's finding that the agency discriminated against him on the basis of his disability when it failed to

accommodate him. *Watkins v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-18-0398-P-1, Damages File (P-1 DF), Tab 1. Specifically, he argued that due to the agency's discrimination, he suffered from depression, was forced to refinance his house, and withdrew money from his retirement account earlier than intended. *Id.* at 1. He supplemented his initial request with a formal motion for compensatory damages, wherein he sought in excess of the statutorily-permitted $300,000 award. P-1 DF, Tab 3 at 2. The agency did not respond to the motion.

¶4 The administrative judge issued an initial decision on the written record. P-1 DF, Tab 8, Initial Decision (P-1 ID). Following a discussion of the appellant's requests for current and future pecuniary damages as well as nonpecuniary damages, he granted the appellant's motion in part, ordering the agency to pay the appellant nonpecuniary compensatory damages in the amount of $20,000. P-1 ID at 4-9. In so doing, he denied the appellant's request for current and future pecuniary damages. P-1 ID at 4-6.

¶5 The appellant has filed a petition for review arguing that the administrative judge erred in not awarding him more compensatory damages, both pecuniary and nonpecuniary. *Watkins v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-18-0398-P-1, Petition for Review (PFR) File, Tab 1 at 1-2. He also argues that he was reinstated into a new position in which he earns less money than other employees but has the most seniority and that he missed out on training opportunities for that position because he was reinstated so late. *Id.* He included with his petition for review the contact information for his physician. *Id.* at 5. He included with his reply to the agency's response to his petition for review what appears to be a receipt of his payment to a law firm. PFR File, Tab 5 at 5.

¶6 The agency has filed a cross petition for review claiming that the Board lacks jurisdiction over the appellant's motion for compensatory damages because the appellant failed to make this request during the merits proceedings. PFR File,

Tab 3 at 5-6. It also responded to the appellant's petition for review, arguing that $20,000 is a reasonable amount. *Id.* at 7-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      Under the Civil Rights Act of 1991, an employee may recover compensatory damages from a Federal agency that engaged in unlawful and intentional discrimination against him on the basis of his disability. 42 U.S.C. § 1981a(a); *Schultz v. U.S. Postal Service*, 70 M.S.P.R. 633, 639 (1996); 5 C.F.R. § 1201.202(c). The statute authorizes the award of compensatory damages for pecuniary losses and for nonpecuniary losses, such as, but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. 42 U.S.C. § 1981a(b); *Heffernan v. Department of Health and Human Services*, 107 M.S.P.R. 97, ¶ 6 (2007). To receive an award of compensatory damages, an appellant must demonstrate that he has been harmed as a result of the agency's discriminatory action and establish the extent, nature, and severity of the harm, as well as the duration or expected duration of the harm. *Id.* The Board defers to and adopts the criteria of the Equal Employment Opportunity Commission for proving both the entitlement to and the amount of compensatory damages. *Id.*, ¶ 5; *Sloan v. U.S. Postal Service*, 77 M.S.P.R. 58, 70 (1997).

The Board has jurisdiction to consider the appellant's motion for compensatory damages.

¶8      As an initial matter, we address the agency's argument in its cross petition for review that the administrative judge was without jurisdiction to decide the appellant's motion for compensatory damages because the appellant failed to raise his damages claim during the merits stage of these proceedings. PFR File, Tab 3 at 5-6. The agency did not raise this argument below. The Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271

(1980). The agency has not explained why it could not have made this argument below, and we will not consider the merits of it further.

¶9 However, to the extent a determination of jurisdiction impacts our ability to decide this appeal, *see* 5 C.F.R. § 1201.3(a), we address that here. *See Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010) (holding that the issue of the Board's jurisdiction is always before the Board and may be raised sua sponte by the Board at any time). The agency appears to conflate jurisdiction with the Board's procedures for awarding compensatory damages. PFR File, Tab 3 at 5-6. The Board's regulations recognize the statutory authority to award compensatory damages separate and apart from its procedural and substantive requirements. *Compare* 5 C.F.R. § 1201.202(c) (providing for awards of compensatory damages as authorized by 42 U.S.C. § 1981a) *with* 5 C.F.R. § 1201.204 (addressing the procedure for seeking compensatory damages). The agency's argument goes to the appellant's failure to comply with the procedural requirements; it does not concern our well-established jurisdiction to decide the appellant's motion for compensatory damages. *See Heffernan*, 107 M.S.P.R. 97, ¶ 5. Accordingly, we deny the agency's cross petition for review.

<u>The administrative judge correctly found that the appellant failed to offer sufficient evidence to establish his entitlement to pecuniary damages.</u>

¶10 Pecuniary damages are available for out-of-pocket expenses shown to be related to the discriminatory conduct. *Edwards v. Department of Transportation*, 117 M.S.P.R. 222, ¶ 12 (2012). These damages include reimbursement for medical, job hunting, and moving expenses. *Id.* Claimants generally must document these expenses, typically with receipts, bills, or physicians' statements. *Id.* Past pecuniary losses are ones that occur before a complaint is resolved and future pecuniary losses are losses likely to occur after a complaint is resolved. *Id.*

¶11 Below, the appellant argued that he was entitled to past pecuniary damages because he had to refinance his home, withdraw money from his retirement

account earlier than expected, and pay for medicals bills regarding the treatment of his depression. P-1 DF, Tab 1 at 1. The administrative judge found that the appellant offered no evidence to document these expenses or establish the amount of losses. P-1 ID at 5. He further found that, even if the appellant had established the amount in question, he failed to establish the extent, severity, and duration or expected duration of such harm. *Id.* On review, the appellant has not challenged the administrative judge's findings on these points, nor has he submitted any documentary evidence establishing the costs of these expenses. PFR File, Tabs 1, 5. Accordingly, we will not disturb the initial decision in this regard.

¶12 In addition to the past pecuniary damages, the appellant also sought future pecuniary damages, asserting that he should receive damages if the agency attempted to restore him to a position "at a lower pay scale than that of a system operator." P-1 DF, Tab 1 at 1. The administrative judge found that the appellant neither alleged nor established that the agency had restored him to such a position and therefore failed to establish that he was entitled to an award of compensatory damages on the basis of future pecuniary losses. P-1 ID at 5-6. On review, the appellant argues that he could not establish his future pecuniary losses "because they just brought [him] back to work" in April of 2019. PFR File, Tab 1 at 1. He also asserts that he earns less money in his new position yet has the most seniority, and that the position to which he was reinstated caused him to miss out on several bonuses. *Id.* He claims that his requests to the agency for accurate records regarding pay and bonuses in his new position have been ignored. *Id.*

¶13 The appellant's assertions are unavailing. He has not presented any evidence beyond his unsworn statements in his petition for review to support an award of pecuniary damages based on his reinstatement. PFR File, Tabs 1, 5. Further, even if the appellant had established that he was not properly restored as ordered in the final decision on the merits, IAF, Tab 29 at 14, his claim is a compliance issue and not a question of compensatory damages, *see* 5 C.F.R.

§ 1201.182.  Accordingly, we agree with the administrative judge that the appellant failed to establish that he is entitled to any pecuniary damages.

<u>The administrative judge's award of $20,000 in nonpecuniary damages is an appropriate amount, which we will not disturb.</u>

¶14      As discussed above, nonpecuniary damages include emotion pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.  *Edwards*, 117 M.S.P.R. 222, ¶21.  An award of compensatory damages for nonpecuniary losses should reflect the extent to which the agency directly or proximately caused the harm and the extent to which other factors also caused the harm.  *Id.* Acceptable evidence of nonpecuniary damages may include a statement by the appellant explaining how he was affected by the discrimination.  *Id.*, ¶ 22. Statements from others, including family members, friends, and health care providers may address the outward manifestations of the impact of the discrimination on the appellant.  *Id.*  The appellant may also submit documentation of medical or psychiatric treatment related to the effects of the discrimination, although such evidence is not a mandatory prerequisite to establishing entitlement to nonpecuniary damages.  *Id.*  The amount of a nonpecuniary damage award should not be "monstrously excessive" standing alone, should not be the product of passion or prejudice, and should be consistent with the amount awarded in similar cases.  *Id.*, ¶ 21.

¶15      The appellant sought nonpecuniary damages for emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.  P-1 DF, Tab 1 at 1, Tab 3 at 2.  He asserted that he experienced these nonpecuniary losses "as a result of an ongoing pattern of retaliation" for equal employment opportunity activity to which he was subjected by the agency.  P-1 DF, Tab 3 at 2.  He also claimed that he and his wife suffered "undue stress" resulting from him being out of work, that he had been attending therapy sessions for stress and anxiety, and that he had been prescribed several different medications.  P-1 DF,

Tab 1 at 1, Tab 6 at 3. He requested damages "in excess of the jurisdictional limit of $300,000." P-1 DF, Tab 3 at 2.

¶16 The administrative judge found that, while the record is not entirely clear regarding the extent to which the appellant's nonpecuniary losses are strictly attributable to the agency's failure to reasonably accommodate him, the stress that the appellant suffered as a result of having to adjust to the uncertainties of his work status and loss of income resulting from his retirement constitute compensable nonpecuniary damages. P-1 ID at 8. After considering the appellant's statements and comparable cases, he concluded that the appellant was entitled to an award of $20,000 in nonpecuniary damages. *Id.*

¶17 On review, the appellant reiterates his claim that the emotional stress he experienced warranted nonpecuniary damages in excess of the statutory limit of $300,000. PFR File, Tab 1 at 2. He also asserts that he has been working to get a copy of his medical records reflecting his depression. *Id.* These arguments do not provide a basis to disturb the initial decision. Although the appellant claims that he is working on getting his medical records, the current record includes only the appellant's unsworn statements and contact information for a Department of Veterans Affairs clinic. P-1 DF, Tabs 1, 3, 6; PFR File, Tabs 1, 5.

¶18 Given the limited record evidence, we agree with the administrative judge's award of $20,000. He appropriately considered the record evidence and comparable cases and awarded an amount that is not "monstrously excessive." P-1 ID at 8-9; *see Edwards*, 117 M.S.P.R. 222, ¶ 21. The appellant's petition for review offers no new argument or evidence; he essentially restates his arguments from below, demonstrating mere disagreement with the administrative judge's findings and well-reasoned conclusions. Accordingly, it does not provide a basis to disturb the initial decision.[2] *See Crosby v. U.S. Postal Service*, 74 M.S.P.R.

---

[2] The appellant's petition for review includes a request for a hearing on the question of nonpecuniary damages. PFR File, Tab 1 at 2-3. We deny that request. The appellant is not necessarily entitled to a hearing on the issue of compensatory damages, and he did

98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and reached well-reasoned conclusions); 5 C.F.R. § 1201.115(a)-(d).

An award of compensatory damages does not include back pay or other related relief.

¶19    The appellant argued below and reasserts on review that the agency failed to provide him the correct amount of back pay, interest on back pay, and sick and annual leave.  P-1 DF, Tab 6 at 3; PFR File, Tab 1 at 1-2, Tab 5 at 1-3.  He argues that he was unable to provide the administrative judge and the Board with the exact amount he believes the agency owed him because it has not responded to his requests to produce that information.  PFR File, Tab 1 at 1-3.  Although the initial decision in the underlying matter awarded back pay and related relief, IAF, Tab 29 at 14, the appropriate avenue to pursue an allegation that the agency has failed to provide proper relief is through a compliance proceeding.[3]  The instant case is limited to a motion for compensatory damages, and the statute does not authorize an award of back pay, interest on back pay, or any other type of equitable relief authorized by Title VII as a component to a compensatory

---

not request a hearing below.  P-1 ID at 1.  Further, the Board's regulations at the petition for review stage do not entitle the appellant to a hearing.  5 C.F.R. § 1201.117.

[3] The appellant filed a petition for enforcement asserting that the agency was in noncompliance with the Board's final order in the underlying matter.  *Watkins v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-18-0398-C-1, Compliance File (CF), Tab 1.  The administrative judge issued an initial decision in that matter, noting that the agency failed to reply to the appellant's allegations in accordance with his order, and finding that it failed to prove that it complied with the final decision or that it had good cause for noncompliance or for incomplete or partial compliance.  CF, Tab 4, Compliance Initial Decision (CID) at 2-3.  Neither party petitioned for review of the compliance initial decision, which became final on March 14, 2019.  CID at 6. The matter has been referred to the Board's Office of General Counsel to obtain the agency's compliance.  *See Watkins v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-18-0398-X-1.

damages reward.[4]  42 U.S.C. § 1981a(b)(2) (stating that compensatory damages shall not include back pay, interest on back pay, or any other type of relief authorized by the Civil Rights Act of 1964); *see Heffernan*, 107 M.S.P.R. 97, ¶ 6.

¶20    We have considered the parties' arguments in the petition and cross petition for review but have determined that there is no basis to disturb the initial decision. Accordingly, we deny both the petition and cross petition for review and affirm the initial decision.

## ORDER

¶21    We concur with the administrative judge's decision to grant the appellant's motion for compensatory damages and award him $20,000 in nonpecuniary damages. The agency is ORDERED to issue a check to the appellant in this amount. The agency must complete this action no later than 20 days after the date on which this Order is issued.

¶22    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶23    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not

---

[4] The appellant's reply to the agency's response to his petition for review appears to indicate that he paid $2,095 to his attorneys and includes a receipt of payment for another $595. PFR File, Tab 5 at 1, 5. To the extent the appellant is requesting an award of attorney fees related to prior Board proceedings in his motion for compensatory damages, we deny that request. *See Boots v. U.S. Postal Service*, 105 M.S.P.R. 500, 502 n.2 (2007) (stating that compensatory damages do not include fees incurred for representation). Pursuant to the Board's regulations, the appellant may file a motion for attorney fees, 5 C.F.R. § 1201.203, but we make no finding here regarding the timeliness of such a motion.

fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.